# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-480V
Filed: August 27, 2014
Not for Publication

**************************************

DEBORA RUSSO,

            Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

            Respondent.

**************************************

Damages decision based on proffer; influenza (flu) vaccine; shoulder injury related to vaccine administration (SIRVA); fees and costs decision based on proffer

Paul R. Brazil, Philadelphia, PA, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

On June 4, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that she suffered a left shoulder injury as a result of the influenza ("flu") vaccination she received on October 26, 2011. On July 31, 2014, respondent filed her Rule 4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

On August 27, 2014, respondent filed Respondent's Proffer on Award of Compensation. Respondent proffers that petitioner should be awarded $108,000.00 for all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), and $13,310.95 for reimbursement of attorneys' fees and costs.  In accordance with General Order #9, petitioner's counsel filed a statement asserting that petitioner did not incur any costs in pursuit of her petition.

The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards:

a.  a lump sum of **$108,000.00**, representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$108,000.00** made payable to petitioner; and

b.  a lump sum of **$13,310.95**, representing reimbursement for attorneys' fees and costs.  The award shall be in the form of a check for **$13,310.95** made payable jointly to petitioner and Muller Brazil, L.L.P.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 27, 2014                                              /s/ Laura D. Millman
                                                                                 Laura D. Millman
                                                                                 Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                    )
DEBORA RUSSO,                       )
                                    )
            Petitioner,             )
                                    )        No. 14-480V
      v.                            )        Special Master Millman
                                    )        ECF
SECRETARY OF HEALTH AND             )
HUMAN SERVICES,                     )
                                    )
            Respondent.             )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$108,000.00, which represents all elements of compensation to which petitioner is entitled under

42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

Respondent also proffers that petitioner should be awarded an additional $13,310.95 for

attorneys' fees and costs under 42 U.S.C. § 300aa-15(e), to be paid jointly to petitioner and

petitioner's counsel.  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as

follows:

>      A.      A lump sum of $108,000.00 in the form of a check payable to petitioner,
>              Debora  Russo; and

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses and future pain and suffering.

B.     A lump sum of $13,310.95, in the form of a check payable jointly to petitioner and petitioner's attorney, Paul R. Brazil.[2]

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/ ANN D. MARTIN
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-1815

DATED:  August 27, 2014

---

[2] In compliance with General Order #9, petitioner has filed a statement representing that no personal, out-of-pocket expenses were incurred by petitioner in proceeding on the petition and that all litigation costs were borne by counsel.